**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| NIRAVKUMAR H. PATEL, | : | |
| *Petitioner,* | : | Case No. 1:26-cv-00285 |
| v. | : | Judge Jeffery P. Hopkins |
| KEVIN RAYCRAFT, Field Office Director of Enforcement and Removal Operations, Detroit Field Office, Immigration and Customs Enforcement, *et al.*, | : | |
| *Respondents.* | : | |

## ORDER

Petitioner Niravkumar H. Patel, a citizen and native of India, is a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Butler County Correctional Complex in Butler County, Ohio. Petitioner has filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241. In his Petition, Petitioner requests immediate release from detention. Federal Respondents filed a Return of Writ (Doc. 8), to which Petitioner filed a Reply (Doc. 10). The matter is ripe for adjudication.

## I.      BACKGROUND

Petitioner is a native and citizen of India who entered the United States without inspection on December 30, 2023. Pet., Doc. 1, ¶ 15. Upon entry, he was detained by U.S. Immigration and Customs Enforcement ("ICE") officials and placed in removal proceedings before the Immigration Court in Newark, New Jersey. *Id.* On October 29, 2024, Petitioner filed an application for asylum before the Newark Immigration Court, which remains

pending. *Id.* On April 16, 2025, Petitioner filed a petition for Special Immigrant Juvenile ("SIJ") status, which was approved on September 30, 2025. *Id.*

On January 23, 2026, Petitioner was a passenger in a vehicle stopped by ICE agents who were attempting to locate a different individual. *Id.* ¶ 16.  Petitioner was not the target of the stop; nonetheless, he was detained along with the other occupant of the vehicle. *Id.* Following his arrest, Petitioner has remained in ICE custody despite his approved SIJ petition and his pending asylum application. *Id.* Although the parties dispute whether Petitioner's SIJ status entitles him to remain in the United States (Doc. 9, PageID 42–47), that issue is not before the Court in this proceeding. The sole question presented here concerns the legality of Petitioner's current detention. Thus, the Court's analysis and ruling are confined to that issue. Accordingly, the Court does not address, and expresses no opinion on, the parties' arguments regarding the immigration consequences of Petitioner's SIJ status. Petitioner contends that his continued detention has caused him significant emotional distress and has interfered with his ability to pursue the immigration relief for which he is otherwise eligible. Pet., Doc. 1, ¶ 17.

## II.    LAW AND ANALYSIS

It is well settled that: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art I, § 9, cl. 2. The constitutional guarantee of the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2) (emphasis added). To preserve the right of the people to obtain relief under this Clause, Congress enacted 28 U.S.C. § 2241. Section 2241 confers on federal district courts the power to issue writs of habeas corpus to persons

held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This authority also includes challenges made by noncitizens in immigration-related detention matters. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Because Petitioner challenges his detention, the Petition is properly before the Court for consideration.

### A. Section 1226(a) governs Petitioner's detention.

Respondents contend that Petitioner is properly detained under 8 U.S.C. § 1225(b). Doc. 8, PageID 36. However, for the reasons set forth in *Lopez Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026), and *Ortiz Soto v. Saxon*, No. 1:25-cv-768, 2026 WL 1205571 (S.D. Ohio May 4, 2026), this Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens like Petitioner who have resided in the United States and were already within the United States when apprehended and arrested.

### B. Petitioner's detention violates due process.

Petitioner argues that his detention violates his substantive and procedural due process rights guaranteed by the Fifth Amendment. Pet., Doc. 1, ¶¶ 28–34, 40–47.

For the reasons set forth in *Lopez Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026), and *Ortiz Soto v. Saxon*, No. 1:25-cv-768, 2026 WL 1205571 (S.D. Ohio May 4, 2026), this Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights.

### III.    CONCLUSION

For these reasons, it is **ORDERED** that Petitioner's constitutional and statutory claims challenging the denial of bond be **GRANTED**. It is further **ORDERED** that Respondents **RELEASE** Petitioner or **PROVIDE** Petitioner with an *individualized* bond hearing before an immigration judge within 7 calendar days of the date of this Order at which the government shall bear the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk; at which the IJ must consider non-bond alternatives to detention or, if setting a bond, Petitioner's ability to pay.[1]

**IT IS SO ORDERED.**

May 15, 2026

Jeffery P. Hopkins
United States District Judge

---

[1]    The Court acknowledges Petitioner's Motion filed on May 12, 2026 (Doc. 11). In light of this Order, that motion is denied as moot.